IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD HOEFT,

                Plaintiff,

ORDER

17-cv-489-bbc
App. No. 17-2701

      v.

BRUCE JOANIS, NATHANIEL DELEGAN
and JOHN DOE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered in this case on August 1, 2017, after I dismissed plaintiff Richard Hoeft's claim that defendants Bruce Joanis and Nathaniel Delegan coerced him into signing a confession. I concluded that plaintiff has not shown that he can proceed under Heck v. Humphrey, 512 U.S. 477 (1994), and dismissed all remaining claims as untimely. Dkt. ## 5 and 6. Now plaintiff has filed a notice of appeal. Dkt. #7. Plaintiff was granted leave to proceed in forma pauperis in this case previously and has not paid the $505 appellate filing fee, I will construe his appeal to include a request for leave to proceed in forma pauperis on appeal.

Under 28 U.S.C. § 1915, a district court may deny a request for leave to proceed in forma pauperis for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence; the appeal is taken in bad faith; or the litigant is a prisoner and has brought three lawsuits previously that were found to be without foundation. Section

1

1915(a)(1),(3) and (g); Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff's request for leave to proceed in forma pauperis on appeal will be denied because I am certifying that his appeal is not taken in good faith.

The Court of Appeals for the Seventh Circuit has instructed district courts to find bad faith where the plaintiff brings "claim[s] that no reasonable person could suppose to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). No reasonable person could conclude that plaintiff's claims have merit. They are either barred by Heck and are untimely. Therefore, although I do not conclude that plaintiff is motivated by any ill will, I must certify that the appeal is not taken in good faith.

In light of this ruling, plaintiff cannot proceed with his appeal without prepaying the $505 filing fee, unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, plaintiff has 30 days from the date of this order to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. Plaintiff must include with his motion an affidavit as described in the first paragraph of Rule 24(a), with a statement of issues he intends to argue on appeal. Also, he must submit a copy of this order. Plaintiff should be aware that he must file these documents in addition to the notice of appeal that he has previously filed. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require plaintiff to pay the full $505 filing fee before it considers his appeal further. If he does not pay the fees within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that

1. Plaintiff Richard Hoeft's request for leave to proceed in forma pauperis on appeal is DENIED. I certify that his appeal is not taken in good faith.

2. The clerk of court is directed to ensure that plaintiff's obligation to pay the $505 fee for filing his appeal is reflected in the court's financial records.

Entered this 21st day of August, 2017.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge